UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFERY L. POPLIN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-30

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 10, 11. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.  **Procedural History**

Plaintiff filed for DIB on December 9, 2013 alleging disability as of February 9, 2013. PageID 252-53. Plaintiff also filed for SSI on November 18, 2013. PageID 253-59. In both

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

applications, Plaintiff alleged disability as a result of a number of impairments including, *inter alia*, degenerative disc disease of the lumbar spine, migraines, anxiety, depression and borderline intellectual functioning ("BIF"). PageID 52.

After an initial denial of his applications, Plaintiff received a hearing before ALJ Mark Hockensmith on September 8, 2015. PageID 71-109. The ALJ issued a decision on November September 22, 2015 finding Plaintiff not disabled. PageID 50-63. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 56-63.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 42-44. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The voluminous evidence of record is adequately summarized in the ALJ's decision (PageID 50-63), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues the ALJ erred by: (1) improperly concluding at Step Five that he is capable of adjusting to other work available in significant numbers in the national economy; and (2) improperly evaluating his mental impairments under Listing § 12.05(C). Doc. 9 at PageID 1049-57.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue,

the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

**A. Step Five**

In his Statement of Errors, Plaintiff first argues the ALJ's Step Five determination -- that he can perform a significant number of jobs in the national economy -- is unsupported by substantial evidence. PageID 1049-51.

At Step Five, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted). In formulating the RFC, the ALJ needs to incorporate only those limitations that he or she accepts as credible. *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, consultative examiner George O. Schulz, Ph.D. administered psychological testing in which Plaintiff received a Processing Speed[4] Index of 53. PageID 744. However, Dr. Schulz opined that Plaintiff's "psychometric testing is likely [an] underestimate [of] his actual level of intellectual/cognitive functioning." PageID 745. As a result, Dr. Schulz did not include the Processing Speed Index limitation in his opinion. PageID 744-46. The ALJ ultimately assigned Dr. Schulz's opinion "great weight." PageID 61. Plaintiff argues the ALJ should have relied upon testimony elicited during the hearing from Vocational Expert ("VE") Karen Schneider about Plaintiff's processing speed. PageID 107. Plaintiff's attorney asked the VE that if 99.9%

---

[4] "Processing speed is an indication of the rapidity with which [a person] can mentally process simple or routine information without making errors." PageID 744

of the people in America are at a higher level of processing speed than Plaintiff, would that preclude employment? *Id.* The VE testified "Yes, it would. Competitive employment it would." *Id.* However, the ALJ is only required to include limitations in the RFC that he finds credible. *See Casey*, 987 F.2d 1230 at 1235. Thus, because Dr. Schulz discounted Plaintiff's Processing Speed testing, the ALJ did not find the Processing Speed limitation credible and acted reasonably by not including it in Plaintiff's RFC. Accordingly, Plaintiff's first alleged error is without merit.

**B. Listing § 12.05(C)**

Plaintiff next argues the ALJ erred by finding that he did not meet or medically equal Listing § 12.05(C). PageID 1051-57. The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff has the burden of proving that he or she meets or equals all of the criteria of a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

Listing § 12.05 provides in relevant part:

12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning[5] initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.

---

[5] While Listing § 12.05 does not define "adaptive functioning," another portion of the Listings defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1).

6

> . . .
>
> (C) A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

In other words, for a claimant to meet or medically equal Listing § 12.05, he or she must meet the criteria under subsection A, B, C, or D, as well as "satisfy the diagnostic description" in the introductory paragraph, *i.e.*, "(1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009) (internal citations omitted); *Golden v. Comm'r of Soc. Sec.*, 591 F. App'x 505 (6th Cir. 2015) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)). "The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." *Id.* at 677 (internal citation omitted).

Substantial evidence supports the ALJ's Listings analysis. Although Plaintiff arguably meets the criteria under subsection (C) -- with a Verbal Intelligence Quotient ("IQ") of 60 prior to age 22, PageID 55, and several physical and mental impairments that the ALJ found to be "severe" at Step Two, PageID 52-53 -- the ALJ reasonably concluded that Plaintiff does not meet the "deficits in adaptive functioning" prong in the introductory paragraph of Listing § 12.05. PageID 55-56; *see Kent v. Comm'r of Soc. Sec.*, No. 3:14-cv-285, 2015 WL 569642, at *5 (S. D. Ohio Sept. 29, 2015). In so finding, the ALJ considered that Plaintiff prepares his own meals; helps around the house; runs errands for his mother; performs personal care; makes his own purchases; maintains meaningful relationships; has a valid driver's license and continues to drive; and has work history that includes skilled work and employment with one employer lasting ten years. PageID 56. Accordingly, Plaintiff's second alleged error is without merit.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   January 31, 2018                             s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge